FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 MAR 16  AM 11: 34

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

GULFSHORE PRODUCE, INC.,        Case No.:

        Plaintiff,

    vs.                                      2:11-CV-142-FtM-29DNF

JAMES L. SUTTLES dba NATURE
QUALITY VINE RIPE
TOMATOES,

        Defendant.

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff states:

A.    The Parties

1.    Plaintiff is Gulfshore Produce, Inc., a Florida corporation with its principal place of business located at Fort Myers State Farmers Market, 2744 Edison Avenue, Unit #5, Fort Myers, Florida.

2.    Plaintiff's business consists of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.    Defendant is James L. Suttles dba Nature Quality Vine Ripe Tomatoes, an individual with its principal place of business located at 1009 Alachua Street, Immokalee, Florida. Suttles is a dealer and commission merchant subject to the Perishable Agricultural Commodities Act, 1930

("PACA").[1]

**B.    Jurisdiction & Venue**

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under 7 U.S.C. §499e(c)(4). 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiff's other claims.

5.    A substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here. Venue in this District is therefore proper under 28 U.S.C. §1391(b).

**C.    Claims for Relief**

**Count I: Declaratory Relief Validating PACA Trust Claim Pursuant to 7 U.S.C. § §499e(c)(3) and (4)**

6.    Gulfshore re-alleges ¶¶1 through 5.

7.    Suttles is a commission merchant, dealer, or broker subject to PACA.

8.    Between May 15, 2010 and May 23, 2010, Gulfshore sold to Suttles in interstate commerce, and Suttles purchased, Produce in the total amount of $17,175.00.

9.    Gulfshore delivered the Produce to Suttles, who accepted it.

---

[1] 7 U.S.C. §§499a-499t.

10.     Pursuant to PACA,[2] at the time Suttles received the Produce, he became trustee of the PACA trust for the benefit of Plaintiff in the amount of $17,175.00.

11.     The *res* of the PACA trust includes Suttles' inventories of Produce, food or products derived from Produce ("Products"), accounts receivable, proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds. Assets subject to the PACA trust are referred to as "PACA Trust Assets."

12.     At the time of the sales underlying this lawsuit, Gulfshore held valid PACA license number 20050894 issued by the United States Department of Agriculture.

13.     Gulfshore gave written notice of its intent to preserve trust benefits to Suttles by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices, and by sending those invoices to Suttles.

14.     Suttles failed to pay for the Produce sold to him by Gulfshore.

15.     Pursuant to 7 U.S.C. §499e(c), Gulfshore is an unpaid supplier and seller of Produce who is entitled to PACA trust protection and payment from Suttles' PACA Trust Assets.

---

[2] 7 U.S.C. §499e(c)

16.    Gulfshore seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $17,175.00 against Suttles, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

### Count II: Enforcement of Payment from PACA Trust Assets Pursuant to 7 U.S.C. §499e(c)(5)

17.    Gulfshore re-alleges ¶¶1 through 16.

18.    Suttles is in possession, custody, and control of PACA Trust Assets that must be held for the benefit of Gulfshore.

19.    Suttles failed to use the PACA Trust Assets to pay Gulfshore for the sales of Produce described in ¶8.

20.    As a result, Gulfshore has suffered damages in the amount of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

21.    Gulfshore seeks an Order directing Suttles to immediately pay to Gulfshore, as a beneficiary of the PACA trust, PACA Trust Assets equal to the sum of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

### Count III: Violation of the PACA - Failure to Maintain PACA Trust Assets & Creation of Common Fund Pursuant to 7 U.S.C. §499b(4)

22.    Plaintiff re-alleges ¶¶1 through 21.

23.    Suttles received the shipments of Produce described in ¶8.

24.    Gulfshore preserved its trust rights pursuant to 7 U.S.C. §499e(c)(4).

25.    PACA requires Suttles, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Gulfshore and all other unpaid suppliers of Produce (if any exist), until all have been paid in full.

26.    Suttles failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claim of Gulfshore asserted in this lawsuit.

27.    As a result of Suttles' failure to maintain and protect the PACA Trust Assets from dissipation, Gulfshore has suffered damages in the amount of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

28.    Gulfshore seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Suttles to maintain PACA Trust Assets in the amount of $17,175.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Suttles to replenish the PACA trust to a

level sufficient to satisfy all qualified PACA trust claims, and enjoining Suttles from dissipating PACA Trust Assets.

**Count IV: Violation of PACA - Failure to Pay Promptly Pursuant to 7 U.S.C. §499b(4)**

29.    Plaintiff re-alleges ¶¶1 through 28.

30.    Suttles received each of the shipments of Produce described in ¶8 above.

31.    PACA requires Suttles to tender full payment promptly to its unpaid suppliers of Produce.[3]

32.    Suttles failed to pay for the Produce supplied by Gulfshore within the payment terms.

33.    As a result of Suttles' failure to pay promptly, Gulfshore has incurred damages in the amount of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

34.    Gulfshore seeks an Order directing Suttles to immediately pay Gulfshore the sum of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**Count V: Breach of Contract**

35.    Gulfshore re-alleges ¶¶1 through 34.

36.    As described in ¶8, Gulfshore entered into contracts with

---

[3] 7 C.F.R. §46.2(aa).

Suttles for the purchase and sale of Produce.

37.     Suttles breached those contracts by failing to pay for the Produce received.

38.     As a result of Suttles' breach of contract, Gulfshore has incurred damages in the amount of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

39.     Gulfshore seeks entry of a judgment in its favor and against Suttles in the amount of $17,175.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**Count VI: Constructive Trust - 1009 Alachua Street, Immokalee, Florida**

40.     Gulfshore re-alleges ¶¶1 through 39.

41.     Upon information and belief, Suttles used PACA trust assets which were being held by him for the beneficial interest of Plaintiff for the acquisition, maintenance and improvement of the real property located at 1009 Alachua Street, Immokalee, Florida (the "Alachua Street Property"), resulting in the Alachua Street Property becoming a PACA trust asset.

42.     Suttles benefited himself utilizing PACA trust assets, and as such, holds said assets in constructive trust as trustee for the benefit of Plaintiff.

43.     Accordingly, Plaintiff seeks entry of an order declaring that

Suttles holds, in constructive trust as trustee for the benefit of Plaintiff, such amounts as were transferred from Suttles for his personal benefit in connection with the acquisition, maintenance and improvement of the Alachua Street Property, according to proof, as well as an Order directing Suttles to disgorge and transfer any and all such amounts to Plaintiff, imposing a constructive trust on the Alachua Street Property, and in the alternative, entering judgment against Suttles in the amount of $17,175.00.

### Count VII: Fraudulent Transfer - Chapter 726, Florida Statutes
### 1009 Alachua Street, Immokalee, Florida

44.     Gulfshore re-alleges ¶¶1 through 43.

45.     At all times material hereto, Suttles owned the Alachua Street Property as a constructive trustee for Plaintiff.

46.     Upon information and belief, at various times, Suttles used PACA trust assets to pay for the mortgage, taxes, maintenance, and improvements to the Alachua Street Property, resulting in that property becoming a PACA trust asset.

47.     These transfers were fraudulent transfers as proscribed by Florida's Uniform Fraudulent Transfers Act, Chapter 726, Florida Statutes.

48.     Accordingly, Plaintiff seeks entry of an Order, as provided by §726.108, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $17,175.00,

plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receive from the PACA Trust Assets.

**FOR THESE REASONS,** Gulfshore requests:

A.     On Count I, an Order declaring that Gulfshore holds a valid PACA trust claim in the amount of $17,175.00 against Suttles, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

B.     On Count II, an Order directing Suttles to immediately pay to Gulfshore PACA Trust Assets equal to the sum of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

C.     On Count III, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Suttles to maintain PACA Trust Assets in the amount of $17,175.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Suttles to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Suttles from dissipating PACA Trust Assets.

D.     On Count IV, an Order directing Suttles to immediately pay Gulfshore the sum of $17,175.00, plus interest from the date each invoice

became past due, costs and attorneys' fees.

      E.      On Counts I through V, entry of Final Judgment against Suttles, in the amount of $17,175.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

      F.      On Count VI, declaring that the Suttles holds, in constructive trust as trustee for the benefit of Plaintiff, such amounts as were transferred in connection with the acquisition, maintenance or improvement of the Alachua Street Property, according to proof, as well as an Order directing the Suttles to disgorge and transfer any and all such amounts to Plaintiff, imposing a constructive trust on the Alachua Street Property, and in the alternative, entering judgment against the Principals in the amount of $17,175.00.

      G.      As to Count VII, pursuant to §726.108, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $17,175.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

      H.      Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Thursday, March 10, 2011.

MEUERS LAW FIRM, P.L.

Katy Koestner Esquivel
Florida Bar No. 0159484
Illinois Bar No. 6270092
5395 Park Central Court
Naples, Florida 34109-5932
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
kesquivel@meuerslawfirm.com

Attorneys for Plaintiff